GEORGIA WILLIAMS WARREN et al.

v.

HENRY K. SHELDON.

*Opinion filed June 18, 1898.*

1. PARTITION—*when court may leave adverse claims to be determined in separate suit.* The court may, by its decree in partition, properly leave the adverse claims of certain defendants in an undivided half of the premises to be found and determined in a separate suit in chancery then pending, where such defendants so request in their answer and complainant amends his bill accordingly.

2. SAME—*building lines cannot be established when not necessary to partition.* Commissioners appointed to make partition have no power to suggest, and the court has no power to establish, building lines upon the property where such course is not necessary to enable the commissioners to make partition.

3. SAME—*decree apportioning costs according to respective interests of parties is proper.* A decree in partition which apportions the costs according to the respective interests of the parties in the premises is just, and will be approved on appeal.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a bill in chancery filed by the appellee, against the appellants and others, for partition of certain real property, to-wit: certain lots in Fernwood addition to Hyde Park, and for other relief. The cause was submitted to the court upon the bill, the answers of certain of the defendants, the replications thereto, the default of certain other defendants and the proofs taken and reported by the master in chancery, and a decree rendered finding the appellee, the complainant in the bill, to be the owner in fee of an undivided one-half interest in the said lots, and that the title to the other half interest was in one James O. Sheldon as trustee for certain designated defendants, being heirs of one Coddington Billings, deceased, or for certain trustees of a trust estate created under the thirteenth section of the last will and testament of one Charles P. Williams, deceased, or for certain

other defendants to the bill as beneficiaries under the said trust created by the said last will of the said Charles P. Williams, deceased. Commissioners were appointed by the court to make partition of the said lots, and were directed by the decree of the court to set off and allot to the appellee, the complainant in the bill, and to the said James O. Sheldon, as trustee for the persons hereinbefore mentioned, each one-half of the said lots in severalty. The commissioners proceeded to discharge their duties under the said decree, and agreed upon and reported to the court a division and partition of the said lots. The court approved the report, and adjudged that the costs should be paid one-half by the appellee and the other one-half by the said James O. Sheldon, as trustee, in due course of the administration of his trust. The commissioners also incorporated into their report the following:

"*Eighth*—That it is the opinion of your commissioners that the said property would be greatly benefited and enhanced in value if building lines were established thereupon, and they therefore recommend that such building lines be established by decree of this court, as follows: In block 3 a building line thirty-five feet east of the west line of lots 23 to 16, inclusive; twenty feet east of the west line of lot 15; thirty-five feet north of the south line of lots 15 to 9, inclusive; twenty feet west of the east line of lot 9; thirty-five feet west of the east line of lots 8 to 1, inclusive. And in block 1 the building line twenty feet west of the east line of lots 1 to 8, inclusive, and ten feet west of the east line of lots 9 to 12, inclusive."

The court in its decree approved the suggestion of the commissioners that building lines be designated on said lots, and ordered that such building lines be declared and decreed to be established accordingly. The appellants, being the defendants interested in the premises as trustees and beneficiaries under the trust created by the will of said Charles P. Williams, deceased, have prosecuted this appeal to reverse the decree so rendered.

ISHAM, LINCOLN & BEALE, for appellants.

REMY & MANN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellants first complain that the court did not adjudicate and settle the conflicting claims of the appellants and the other defendants, the legal heirs of Coddington Billings, deceased, to the undivided one-half interest in the premises not owned by the appellee. The appellants cannot be permitted to urge this complaint, for the reason that in the answer filed by them to the bill of complaint filed by the appellee the appellants represented and made known to the court that prior to the filing of the bill by the appellee they had filed a bill in chancery in the circuit court of Cook county against the said legal heirs of the said Coddington Billings, deceased, in which they set forth the basis and grounds of their claim of right and title to the said undivided one-half interest in and to the said lots; that the said legal heirs of the said Coddington Billings, deceased, were made parties defendant to the said bill, and that the prayer of the bill was that the conflicting claims of the appellants and the said legal heirs of the said Coddington Billings should be adjudicated and settled by a decree of the court to be entered in that cause; that the said defendants to that bill, to-wit, the said legal heirs of the said Coddington Billings, were duly and legally served with process; that certain of them (designating them by name) had appeared and filed answers to said bill and that the others had been defaulted, and that the said proceeding was still pending; and the appellants in the said answer demanded that the controversy between themselves and the said legal heirs of the said Coddington Billings, as to the title and ownership of the said undivided one-half interest of the said lots, should be tried and determined only in the said other cause, and prayed that, whatever decree the court might hereafter render in this cause, there

should be no finding or adjudication as to the title or ownership of the undivided one-half of the said lots not claimed by the appellee, the complainant in the bill. The appellee, the complainant in the bill, in view of these allegations of the answer of these appellants, obtained leave of the court to amend the bill, and did so amend the allegations and prayer thereof as to consent that the course desired to be taken by the appellants might be pursued by the court. The court, in rendering the decree, adopted the course suggested and desired by the parties, and granted the request and prayer of the answer of the appellants. The other parties to the proceeding did not and do not object, and the appellants will not be heard to do so. The decree in this respect is so framed as that neither the appellants nor their adversaries in the said other proceeding in appellants' answer mentioned will be in anywise prejudiced or embarrassed in the assertion of their claims and rights in that proceeding, and they will be remitted to that court for an adjudication in that cause of the controversy between them.

We think the court erred in establishing building lines on the said lots. The expression by the commissioners in their report of their opinion that the value of the lots would be enhanced and the property greatly benefited by the establishment of building lines, and the recommendation of the commissioners that the court should by its decree establish such lines, was entirely apart from and beyond the power and duty of the commissioners. We need not pause to inquire whether it is within the power of commissioners to provide for. the establishment of building lines in a case where, in their opinion, the establishment of such lines is necessary to enable them to make a fair and equitable partition, for the reason that in the instance at bar the commissioners were able to make, and did make, an allotment and partition satisfactory to all concerned without finding it necessary to establish such lines on any of the lots. It may be that

the fixing of such lines of restriction would be beneficial to all the property and enhance its value, but the right to do so is a right pertaining to the ownership of the property, and which neither the commissioners nor the court have any power to exercise upon the ground, alone, the best interests of the property will be thereby conserved. It is for the owner to determine whether or not he will adopt this or that course for the purpose of increasing the value of his property. The power assumed to be exercised by the court is subversive of the fundamental principles of personal liberty and private rights. In this respect the decree must be and is reversed.

In compliance with the desire of the appellants, as expressed in the allegations of their answer hereinbefore referred to, the court so framed the decree as to recognize the said Sheldon, trustee, as the holder of the title to that portion of the lots not owned by the appellee, subject to the future adjudication between the appellants and the legal heirs of the said Coddington Billings of their right and title therein, and ordered that the said Sheldon, as trustee, should, in due course of his administration of the trust, pay one-half of the costs of the proceeding. The proceeding was in chancery, and we perceive nothing to prevent the operation of the general rule prevailing in courts of equity that the parties may be required to pay costs in such proportion as may be found by the chancellor, in view of the circumstances of the case, to be just and equitable. The decree of the court in effect casts the burden of defraying the expenses of the proceeding upon the owners of the property in proportion to their respective interests. The disposition thus made of the matter of costs is just, and is approved.

In so far as the decree assumes to create and establish lines restricting the location of buildings upon the lots it is reversed, otherwise the decree is affirmed. The costs in the court will be paid by the party who made the same.

*Reversed in part.*